UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN J. ROGERS and ABIGALE J. TRAXLER, <br><br> Plaintiffs, <br><br> v. <br><br> AMRENT, INC. <br><br> Defendant. | Case No. 1:17-cv-00063 <br><br> Hon. |

Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiffs
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net

## COMPLAINT AND JURY DEMAND

Plaintiffs Kevin J. Rogers and Abigale J. Traxler, by and through their counsel, Westbrook Law PLLC, for their complaint against Defendant AmRent, Inc., state as follows:

### PRELIMINARY STATEMENT

1. The present case is brought against Defendant AmRent, Inc. ("AmRent") under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. The FCRA was enacted to promote fairness and accuracy in the reporting of consumer credit information, and to ensure that private consumer credit information would be obtained and distributed only for the specific, permissible purposes enumerated in the FCRA.

3. AmRent has violated Plaintiffs' rights under the FCRA in at least the following ways: (1) obtaining Plaintiffs' consumer credit reports from Trans Union, LLC without any permissible purpose under the FCRA and without Plaintiffs' consent, express or implied; (2) communicating to at least one third party Plaintiffs' consumer credit report without a permissible purpose and without Plaintiffs' consent; and (3) failing to follow reasonable procedures to ensure that AmRent does not communicate consumer credit reports to third parties without a permissible purpose.

4. Each Plaintiff's credit rating, and thus reputation and ability to obtain credit on favorable terms, has been negatively impacted by AmRent's procurement of Plaintiff's consumer credit report, and their right to financial privacy provided by the FCRA has been violated by AmRent's communication of their consumer credit reports to third parties without any permissible basis.

## THE PARTIES

5. Plaintiff Kevin J. Rogers is an individual residing in Grand Rapids, Kent County, Michigan.

6. Plaintiff Abigale J. Traxler is an individual residing in Grand Rapids, Kent County, Michigan.

7. Each Plaintiff is a "consumer" as that term is defined in the FCRA, 15 U.S.C. § 1681a(c).

8. Defendant AmRent is a Texas corporation whose principal place of business is located at 250 Broad Street, 21st Floor, Columbus, Ohio 43215. AmRent's resident agent is the Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

9. AmRent holds itself out to the public as, and in fact is, a "consumer reporting agency" as defined in the FCRA, 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

11. Venue is appropriate in this District under 28 U.S.C. § 1391(b), because Plaintiffs reside within this District and a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

## FACTUAL BACKGROUND

12. On October 1, 2016, Plaintiffs executed an agreement to lease a condominium unit within the purview of the Villas of Cascade Home Owners Association ("VCHOA"). VCHOA is located at 6714 Cascade Road SE, Grand Rapids, Michigan 49546.

13. Plaintiffs agreed to rent the condominium unit located at 6716 Cascade Road #D6, Grand Rapids, Michigan 49546 from the condominium unit's owner, Fussen LLC.

14. Although Plaintiffs rented the condominium unit from its owner and not from VCHOA, Plaintiffs were each required as a condition of residency to fill out and sign an application form provided by VCHOA. (Ex. 1, Application.)

15. Neither Plaintiff has ever had any relationship with VCHOA other than: (1) having signed the Application; and (2) residing in a condominium unit subject to VCHOA. Plaintiffs have no, and never have had any, debtor-creditor, tenant-landlord, or other relationship with VCHOA.

16. Plaintiffs' lease with Fussen LLC does not require any ongoing payment to or other financial relationship with VCHOA.

17.     The Application states that "[a] criminal background check will be performed and residency is subject to the approval of the Board of Directors" of VCHOA.  (*Id.*)

18.     The Application does not mention any type of "background check" other than a "criminal" background check.  (*Id.*)  The Application does not anywhere state or imply that Plaintiffs consented to VCHOA obtaining consumer credit reports regarding Plaintiffs.  (*Id.*)

19.     Nothing in any material provided to or executed by Plaintiffs, or either Plaintiff, in connection with the lease of the condominium unit stated or implied that Plaintiffs would be required to, or did, consent to VCHOA obtaining consumer credit reports regarding Plaintiffs.

20.     Neither Plaintiff ever provided permission or consent, express or implied, for VCHOA to obtain their consumer credit reports.

21.     Because neither Plaintiff had a financial or debtor-creditor relationship with VCHOA, Plaintiffs' credit histories were entirely irrelevant to any relationship between Plaintiffs and VCHOA.  Plaintiffs' only financial relationship with respect to the condominium unit was with Fussen LLC, the condominium owner and lessor.

22.     Between October 1 and October 17, 2016, VCHOA requested a report from AmRent, presumably in connection with the "criminal background check" mentioned in the Application.

23.     On or about October 17, 2016, AmRent obtained from Trans Union, LLC, another "consumer reporting agency" under to 15 U.S.C. § 1681a(f), the consumer credit reports of Plaintiffs ("Trans Union Reports").

24.     The Trans Union Reports contained no criminal background information.  Rather, the Trans Union Reports contained credit history information regarding Plaintiffs.

4

25. AmRent had no permissible purpose under the FCRA, 15 U.S.C. § 1681b(a), for obtaining the Trans Union Reports, and Plaintiffs had provided neither Trans Union, nor anyone else, with permission to obtain the Trans Union Reports.

26. Upon information and belief, Trans Union required AmRent to certify that it had a permissible purpose under the FCRA, 15 U.S.C. § 1681b(a), or the permission of each Plaintiff, as a condition of obtaining the Trans Union Reports.

27. As a reseller of consumer credit information, AmRent was required by law to certify to Trans Union each permissible purpose for which the Trans Union Reports were to be used. 15 U.S.C. § 1681e(e).

28. Upon information and belief, AmRent falsely certified to Trans Union that it had at least one permissible purpose under the FCRA, or the permission of Plaintiffs, in order to obtain the Trans Union Reports.

29. Upon information and belief, as a matter of routine, systematic, and repeated practice, AmRent falsely certifies to Trans Union, Experian, and Equifax that it has a permissible purpose under the FCRA, or the permission of the consumer about whom the report is prepared, to obtain Trans Union, Experian, and Equifax consumer credit reports.

30. Since AmRent accessed the Trans Union Reports on or about October 17, 2016, such access is reflected on each Plaintiff's Trans Union consumer credit disclosure whenever those disclosures are accessed by third parties.

31. AmRent's access to the Trans Union Reports on or about October 17, 2016 has measurably reduced each Plaintiff's credit score.

32. On or about October 17, 2016, AmRent provided to VCHOA reports ("AmRent Reports") that contained credit information derived from the Trans Union Reports.

5

33. Each of the reports provided to VCHOA by AmRent on or about October 17, 2016 constituted a "consumer report" as that term is used in the FCRA, 15 U.S.C. § 1681a(d).

34. The AmRent Reports contained no information relevant to any criminal background check. Other than identifying information, the AmRent Reports contained only information regarding Plaintiffs' credit histories.

35. VCHOA did not have a permissible purpose under the FCRA, 15 U.S.C. § 1681b(a), or Plaintiff's permission, to obtain consumer credit reports regarding Plaintiffs.

36. Despite that VCHOA did not have a permissible purpose or Plaintiffs' permission, AmRent provided consumer reports regarding Plaintiffs to VCHOA.

## FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681n

37. AmRent, as a "consumer reporting agency," had an affirmative obligation to employ reasonable procedures to limit the disclosure of consumer reports to permissible purposes under 15 U.S.C. § 1681e(a).

38. AmRent willfully failed to employ reasonable procedures to limit the disclosure of consumer reports to permissible purposes under 15 U.S.C. § 1681e(a), and thereby caused the AmRent Reports of Plaintiffs to be furnished to VCHOA.

39. AmRent willfully failed to make reasonable efforts to verify any certifications made by VCHOA of the permissible purpose(s) for which VCHOA requested the AmRent Reports prior to disclosing the AmRent Reports to VCHOA, contrary to the requirements of 15 U.S.C. § 1681e(e).

40. AmRent willfully violated the privacy rights of Plaintiffs with respect to their credit and financial accounts and history by disclosing the AmRent Reports to VCHOA without any permissible purpose for the use of those reports by VCHOA under 15 U.S.C. § 1681b.

41.     AmRent willfully and knowingly obtained the Trans Union Reports of Plaintiffs without any permissible purpose under 15 U.S.C. § 1681b, resulting in a measurable reduction in each Plaintiff's credit score and reputation for creditworthiness.

42.     AmRent's willful use of the Trans Union Reports has caused the publication of derogatory credit information about each Plaintiff to be viewed by at least one third party obtaining all or portions of each Plaintiff's Trans Union credit disclosure.

43.     AmRent's conduct with respect to the Trans Union Reports and AmRent Reports entitles Plaintiffs to relief pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiffs request that a judgment be entered in their favor and against AmRent providing for the following relief: (1) actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); (2) statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); (3) punitive damages pursuant to 15 U.S.C. § 1681(a)(2); (4) attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3); and (5) such other relief as this Court deems just.

**FAIR CREDIT REPORTING ACT – 15 U.S.C § 1681o**

44.     AmRent negligently failed to employ reasonable procedures to limit the disclosure of consumer reports to permissible purposes under 15 U.S.C. § 1681e(a), and thereby caused the AmRent Reports of Plaintiffs to be furnished to VCHOA.

45.     AmRent negligently failed to make reasonable efforts to verify any certifications made by VCHOA of the permissible purpose(s) for which VCHOA requested the AmRent Reports prior to disclosing the AmRent Reports to VCHOA, contrary to the requirements of 15 U.S.C. § 1681e(e).

46. AmRent negligently violated the privacy rights of Plaintiffs with respect to their credit and financial accounts and history by disclosing the AmRent Reports to VCHOA without any permissible purpose for the use of those reports by VCHOA under 15 U.S.C. § 1681b.

47. AmRent's neglient use of the Trans Union Reports has caused the publication of derogatory credit information about each Plaintiff to be viewed by at least one third party obtaining all or portions of each Plaintiff's Trans Union credit disclosure.

48. AmRent's conduct with respect to the Trans Union Reports and AmRent Reports entitles Plaintiffs to relief pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs request that a judgment be entered in their favor and against AmRent providing for the following relief: (1) actual damages pursuant to 15 U.S.C. § 1681o(a)(1); (2) attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2); and (3) such other relief as this Court deems just.

Respectfully submitted,

Dated: January 19, 2017

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiffs
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiffs Kevin J. Rogers and Abigale J. Traxler hereby demand a trial by jury as to all claims and issues so triable.

                                                            Respectfully submitted,

Dated: January 19, 2017                     /s/Theodore J. Westbrook
                                                            Theodore J. Westbrook (P70834)
                                                            **Westbrook Law PLLC**
                                                            Attorney for Plaintiffs
                                                            6140 28th St. SE, Suite 115
                                                            Grand Rapids, MI 49546
                                                            (616) 288-9548
                                                            twestbrook@westbrook-law.net